UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEONARD BAKER,<br><br>   Petitioner,<br><br>   v.<br><br>WARDEN, SALINAS VALLEY STATE PRISON,<br><br>   Respondent. | No.  2:16-cv-0907 AC P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

I.    Application to Proceed In Forma Pauperis

Pursuant to federal statute, a filing fee of $5.00 is required to commence a habeas corpus action in federal district court.  28 U.S.C. § 1914(a).  The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  28 U.S.C. § 1915(a).

In his affidavit, petitioner states that he has $52,610.78 in a checking or savings account (ECF No. 2 at 2) and attached to the petition is a letter from an attorney's office enclosing an

1

1  activity report from an account which verifies that petitioner does in fact have such funds
2  available (ECF No. 1 at 13-14).  Petitioner has made an inadequate showing of indigency and his
3  application to proceed in forma pauperis will be denied.  Petitioner will be granted thirty days in
4  which to submit the appropriate filing fee to the Clerk of the Court.  Petitioner is cautioned that
5  failure to pay the fee will result in dismissal of this action without prejudice.

6      II.       Petition for Writ of Habeas Corpus

7      Petitioner seeks to challenge his 1981 conviction for murder in the first degree on the
8  grounds that he was denied effective assistance of counsel because he was denied the right to
9  testify at his preliminary hearing and was not allowed to present a hypnosis re-enactment to the
10 jury.  ECF No. 1 at 1, 4.  He also alleges that appellate counsel refused to brief all of the issues he
11 wanted on appeal.  Id. at 4.

12     Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f
13 it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled
14 to relief in the district court."  Section 2244(d)(1) of Title 28 of the United States Code contains a
15 one-year statute of limitations for filing a habeas petition in federal court.  This statute of
16 limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and
17 Effective Death Penalty Act (AEDPA) went into effect.  Cassett v. Stewart, 406 F.3d 614, 624
18 (9th Cir. 2005).  The one-year clock commences from one of several alternative triggering dates.
19 See 28 U.S.C. § 2244(d)(1).  In this case the applicable date is that "on which the judgment
20 became final by the conclusion of direct review or the expiration of the time for seeking such
21 review." § 2244(d)(1)(A).  However, under the AEDPA, the statute of limitations is tolled during
22 the time that a properly filed application for state post-conviction or other collateral review is
23 pending in state court.  28 U.S.C. § 2244(d)(2).

24     After reviewing the petition for habeas corpus, it appears that the petition is untimely.
25 The petition indicates that petitioner exhausted his state court remedies by appealing to the
26 California Supreme Court, but does not state when.  ECF No. 1 at 2.  However, a review of the
27 ////
28 ////

1   California Supreme Court's electronic docketing system[1] shows that petitioner's most recent

2   filing in that court was a petition for writ of habeas corpus that was denied on April 11, 2012.[2]

3         Even if the court assumes without deciding that petitioner was entitled to statutory tolling

4   through his last California Supreme Court petition, the instant petition is clearly untimely unless

5   petitioner is entitled to equitable tolling. A habeas petitioner is entitled to equitable tolling of

6   AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been

7   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

8   prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v.

9   DiGuglielmo, 544 U.S. 408, 418 (2005); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

10  "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but

11  the clock resumes running once the extraordinary circumstances have ended or when the

12  petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan,

13  784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014).

14  An "extraordinary circumstance" has been defined as an external force that is beyond the

15  inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required

16  for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"

17  Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted); see also

18  Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

19        A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee

20  v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 133 S. Ct. 1924,

21  1928 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more

22  likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt,

23  ////

---

[1] This court may take judicial notice of the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] See docket for California Supreme Court Case Number S199156 at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2001710&doc_no=S199156.

the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),]³ gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 133 S.Ct. at 1928.  To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.  Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

III.    Summary

Petitioner's request to proceed in forma pauperis is denied because petitioner has enough money to pay the filing fee and costs.  If petitioner does not pay the $5.00 filing fee within thirty days, the case will be dismissed without prejudice.

Petitioner will also have thirty days to explain to the court why his petition is not late.  The court will not consider petitioner's explanation about the timeliness of his petition until he has paid the filing fee.  Failure to show the court that the petition is not untimely will also result in the case being dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is denied.

2. Within thirty days of service of this order, petitioner must pay the $5.00 filing fee to the Clerk of the Court or face dismissal of this action.

3. Within thirty days of service of this order, petitioner must show cause why the petition should not be dismissed as untimely.  Failure to comply with this order will result in dismissal of the petition.

DATED: October 19, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

³ In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.