UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEONARD BAKER,<br><br>   Petitioner,<br><br>   v.<br><br>WARDEN, SALINAS VALLEY STATE PRISON,<br><br>   Respondent. | No.  2:16-cv-0907 AC P<br><br>ORDER |

   Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

   By order filed October 20, 2016, petitioner was ordered to show cause why his petition should not be dismissed as untimely.  ECF No. 5.  In ordering petitioner to show cause, the court advised him of the one-year statute of limitation and the standards for equitable tolling.  Id.  Petitioner has responded to the order to show cause, but has not explained why his petition is timely.  ECF No. 9.  He states that "[i]n November, December this court issued a 2014 Certificate of Probable Cause."  Id.  A review of this court's records shows that petitioner previously attempted to bring a habeas petition on similar grounds and it was dismissed in August 2014 as

////

1

frivolous.[1]  See Baker v. Adams, 2:12-cv-1520 TLN DAD P, ECF Nos. 14, 19.  In October 2014, a civil rights action brought by petitioner, that also appears to have been related to the claims in this petition, was dismissed for failure to prosecute.  See Baker v. Secretary of Corrections, 2:14-cv-2030 EFB P, ECF No. 7.  There is no record of a "Certificate of Probable Cause" being issued, nor does petitioner explain how such a certificate would make the instant petition timely.

As this court previously noted, petitioner is attempting to challenge a 1981 conviction and his last filing in the California Supreme Court was a petition for writ of habeas corpus that was denied on April 11, 2012.  ECF No. 5 at 2-3.  The court can identify no theory under which the statute of limitations would have been statutorily tolled through April 11, 2012, and the instant petition would be untimely even if it was.  Moreover, petitioner has failed to demonstrate that he is entitled to equitable tolling.

Accordingly, IT IS HEREBY ORDERED that the petition is dismissed.

DATED: January 3, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] "[A] court may take judicial notice of its own records in other cases."  United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citing Fed. R. Evid. 201(b)(2)).